## Ball v. Fordson Coal Company.

(Decided Oct. 13, 1933.)

CHILDERS & BOWLES for appellant.

HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In his petition in this action, the appellant, James Ball, plaintiff below, in substance averred that in 1922 he had buried his wife's body in the Whitt Cemetery on Hurricane Fork of Pond creek in Pike county; that the appellee, Fordson Coal Company, in removing the coal from under the land on which the cemetery was located did not leave sufficient "subjacent support for the surface of said cemetery," thereby causing "great breaks and fissures in the earth and in and under said cemetery" and "in and under the grave" of appellant's wife to occur by reason of all of which great volumes of water ran into the grave of appellant's wife necessitating and compelling the disinterment of the body and its removal to another cemetery. Damages were sought for the alleged wrong thus done appellant. The answer of the appellee after traversing the allegations of the petition affirmatively set out that the appellee was the owner of all of the coal under the cemetery and the surrounding territory under a mineral deed made to it in 1890 by virtue of which it had the right to extract all the coal from under said land. On the trial of the case, the plaintiff's proof, together with a stipulation, disclosed that the cemetery in question was established some 50 years ago; that the appellee's predecessor in title had in 1890 acquired all of the coal under the land upon which the cemetery was located as well as that under the surrounding land; that the appellee had mined the coal from under the cemetery and from under the land surrounding the cemetery; that while the appellee had mined out all the coal, probably leaving no subjacent support for the surface of the land surrounding the cemetery, it had not done so with regard to the coal under the cemetery; that as to this coal, it had mined only from 35 to 40 per cent, leaving ample subjacent support for the surface of the cemetery; that the removal of what coal was removed from beneath the cemetery would not and did not cause any

subsidence or disturbance in the surface of the cemetery; that whatever cracks and fissures appeared in the cemetery and in the grave of appellant's wife were probably caused by the removal of lateral support, and not by that of subjacent support. At the close of the appellant's evidence, the court peremptorily instructed the jury to find for the appellee. From the judgment entered on the verdict so found, this appeal is prosecuted.

Several grounds are urged in support of the propriety of the lower court's action in peremptorily instructing the jury as it did. However, we need neither discuss nor decide any of them, except the perfectly obvious one of the utter failure of the proof to establish the cause of action alleged. The appellant based his action entirely on the removal by the appellee of the subjacent support of the cemetery. Not only did he fail to establish such claim, but on the contrary he affirmatively established that the subjacent support left by the appellee was ample to support the surface of the cemetery and the graves therein, and that whatever damage was done to the cemetery was not occasioned by the removal of any subjacent support. Having not only failed to establish his alleged cause of action, but also affirmatively established the contrary, appellant has no ground to complain of the court's action in peremptorily instructing the jury to find against him.

The judgment is affirmed.